UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN DWAYNE BAKER,

              Petitioner,

   v.

KING COUNTY,

             Respondent.

CASE NO. 2:21-cv-00491-RSL-JRC

ORDER TO AMEND PETITION

This matter is before this Court on petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). Dkt. 16. Because the Petition is deficient, this Court will order petitioner to amend it.

The Petition identifies King County District Court case numbers 1A0258823 ("First Case") and 1A0269671 ("Second Case"). Dkt. at 1. Petitioner alleges that, in the First Case, he pleaded guilty to "Theft 3, Criminal Trespass 1st degree, interfer[ence] with [a] healthcare facility, [and] disorderly conduct." *Id.* Inconsistently, however, he alleges that he received a bench trial. *Id.* at 2.

Petitioner appears to raise four grounds for relief. *Id.* at 5, 7–8, 10. Each ground is unclear and essentially entirely devoid of factual support. *Id.* Indeed, although petitioner alleges that he raised ground one on direct appeal, he does not describe this ground at all. *Id.* at 5–6. Likewise, petitioner's allegations regarding exhaustion, or not, of state court remedies are incomplete, conclusory, and unclear. *Id.* at 6–12. Furthermore, the Petition contains inconsistent allegations. For instance, petitioner alleges that he did not appeal his conviction but that he raised grounds one and three on direct appeal. *Id.* at 2, 6, 9. In the section of the Petition pertaining to relief, petitioner confusingly writes, "Disorderly." *Id.* at 15.

A § 2254 petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Rule 2(c)(1)–(2), Rules Governing § 2254 Cases ("§ 2254 Rules"). Rule 2(c) imposes "heightened pleading requirements" on § 2254 petitions. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). "Rule 2(c) is more demanding" than Federal Rule of Civil Procedure 8(a)'s "fair notice" pleading standard. *Mayle v. Felix*, 545 U.S. 644, 655 (2005). Under this heightened standard, the petition must "state facts that point to a real possibility of constitutional error." *Id.* (citation omitted). Furthermore, the petition must "substantially follow" this Court's form for § 2254 actions and "state the relief requested." Rule 2(c)(3) & (d), § 2254 Rules.

Moreover, "[b]efore a federal court may grant habeas relief to a [petitioner], the [petitioner] must exhaust his remedies in state court," which means that "the [petitioner] must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Usually, a petitioner's federal habeas petition should be dismissed if the petitioner "has not exhausted available state remedies as to any of his federal claims." *Coleman v. Thompson*, 501 U.S. 722,

731 (1991) (citations omitted). And, if a petition contains exhausted and unexhausted claims, courts must, except in limited circumstances, "delete the unexhausted claims" from the petition. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005).

Here, the Petition is deficient. For one, the Petition's grounds for relief are unclear. Therefore, petitioner has failed to adequately specify them. Furthermore, the Petition is essentially empty of factual content. Thus, the petition does not state facts pointing to a real possibility of constitutional error. Additionally, petitioner's allegations regarding exhaustion are incomplete and inconsistent. As a result, the Petition does not substantially follow this Court's § 2254 form and does not contain adequate allegations regarding the exhaustion requirement. Finally, the Petition inadequately states the relief petitioner requests.

Accordingly, petitioner must file an amended § 2254 petition on the form that this Court provides to cure the above deficiencies. The amended petition must be legibly rewritten or retyped in its entirety, contain the same case number, and not incorporate by reference any part of the original Petition. The amended petition will act as a complete substitute for the original petition, not as a supplement. If petitioner fails to file an amended petition on or before **September 22, 2021**, or otherwise fails to comply with this Order, the undersigned will recommend dismissal of this action.

The Clerk is directed to send petitioner the appropriate forms for filing a § 2254 petition. The Clerk is further directed to send petitioner a copy of this Order.

Dated this 23rd day of August, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

ORDER TO AMEND PETITION - 3