UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NATHEN DWAYNE BAKER,

  Petitioner,

  v.

KING COUNTY,

  Respondent.

CASE NO. 2:21-cv-00491-RSL-JRC

REPORT AND RECOMMENDATION

NOTED FOR: October 15, 2021

The District Court has referred this petition for a writ of habeas corpus to United States Magistrate Judge J. Richard Creatura. This Court's authority for the referral is 28 U.S.C. § 636(b)(1)(A) and (B), and local Magistrate Judge Rules MJR3 and MJR4. Petitioner filed the petition pursuant to 28 U.S.C. § 2254.

Because the petition was deficient, this Court ordered petitioner to amend it by September 22, 2021. However, to date, petitioner has not filed an amended petition. So this case should be dismissed without prejudice for failure to prosecute and failure to comply with a court order.

## BACKGROUND AND DISCUSSION

On April 10, 2021, petitioner filed his proposed petition. Dkt. 1. This Court granted petitioner's motion to proceed *in forma pauperis* ("IFP") and the Clerk docketed the petition on July 20, 2021. Dkts. 15–16.

On August 23, 2021, because petitioner deficiently pleaded the petition, this Court ordered him to file an amended petition. Dkt. 17. In its order to amend, this Court directed petitioner to file an amended petition by September 22, 2021 and cautioned him that it would recommend dismissal of this action if he failed to do so. *Id.* at 3. This date has passed and petitioner has not filed an amended petition. Furthermore, petitioner has not filed a motion for extension of time or otherwise attempted to justify his failure to file an amended petition. Accordingly, this case should be dismissed for failure to prosecute and failure to comply with a court order.

## CERTIFICATE OF APPEALABILITY

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of the federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge.  A certificate of appealability may issue only if a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000). Because petitioner has not so shown, a COA should be denied.

### *IN FORMA PAUPERIS* ("IFP") STATUS ON APPEAL

Petitioner should not be granted IFP status for purposes of an appeal of this matter. IFP status on appeal shall not be granted if the district court certifies "before or after the notice of appeal is filed" "that the appeal is not taken in good faith[.]" *See* Fed. R. App. P. 24(a)(3)(A). "The good faith requirement is satisfied if the petitioner seeks review of any issue that is not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (citation and internal quotation marks omitted). Generally, an issue is not frivolous if it has an "arguable basis either in law or in facts." *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Because any appeal from this matter would be frivolous, IFP status should not be granted for purposes of appeal.

### CONCLUSION

As discussed above, it is recommended that the petition (Dkt. 16) be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with a court order. It is further recommended that this case be CLOSED and that a certificate of appealability be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **October 15, 2021** as noted in the caption.

1   Dated this 30th day of September, 2021.

2

3   _____
    J. Richard Creatura
4   Chief United States Magistrate Judge